**HIRALDO P.A.**
Manuel Hiraldo, Esq.
(*pro hac vice* to be filed)
401 E. Las Olas Blvd., Suite 1400
Fort Lauderdale, FL 33301
MHiraldo@Hiraldolaw.com
Telephone: (954) 400-4713

**THE HARBOR LAW GROUP**
Kira M. Rubel, Esq.
kira@theharborlawgroup.com
3615 Harborview Drive, NW, Suite C.
Gig Harbor, WA 98332-2129
Telephone: (253) 358-2215

*Counsel for Plaintiff and Proposed Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| MARK HUNTSMAN, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>vs.<br><br>EVERGREEN FREEDOM FOUNDATION,<br><br>*Defendant*. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, ET SEQ. (TCPA)**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

Plaintiff Mark Huntsman ("Plaintiff") brings this class action against Defendant Evergreen Freedom Foundation ("Defendant") and alleges upon personal knowledge, experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

**NATURE OF THE ACTION**

1. This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*., ("TCPA").

2. Defendant operates as a think and action tank with offices in Washington, Oregon,

**CLASS ACTION COMPLAINT -1**

Ohio, Pennsylvania and California.[1]

3. Defendant is "working to reverse the stranglehold government unions have on …state and local policymaking."[2]

4. At issue here is Defendant's transmission of prerecorded message solicitations supporting Defendant's goods and/or services.

5. Upon information and belief, Defendant caused thousands of unsolicited prerecorded messages to be sent to the telephones of Plaintiff and Class Members, causing them injuries, including invasion of their privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.

6. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, including any attempts by Defendant in the future to promote itself using unsolicited prerecorded messages. Plaintiff also seeks statutory damages on behalf of himself and the Class Members, as defined below, and any other available legal or equitable remedies resulting from the illegal actions of Defendants.

## PARTIES

7. Plaintiff is, and at all times relevant hereto was, an individual and a "person" as defined by 47 U.S.C. § 153(39), a citizen and resident of Benton County, Washington.

8. Defendant is a Washington corporation headquartered in Olympia, Washington.

## JURISDICTION AND VENUE

9. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States.

10. This Court has subject matter jurisdiction over this action pursuant to 47 U.S.C. § 227(b)(3).

11. Defendant is subject to specific personal jurisdiction in Washington because

---

[1] www.freedomfoundation.com/about/
[2] *Id.*

**CLASS ACTION COMPLAINT -2**

Defendant initiated and directed, or caused to be initiated and directed by its agent(s), prerecorded messages into Washington without the requisite consent in violation of the TCPA. Specifically, Defendant initiated and directed, or caused to be initiated and directed by its agent(s), the transmission of unsolicited prerecorded messages to Plaintiff in Washington. Plaintiff received such messages while residing in and physically present in Washington.

12. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) because a substantial part of Defendant's actions and omissions which gave rise to the claims asserted in this action occurred, in part, in this District.

## THE TCPA

13. The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an … artificial or prerecorded voice; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

14. The TCPA also prohibits: any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(B).

15. The TCPA exists to prevent communications like the ones described within this Complaint. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

16. In an action under the TCPA, a plaintiff must show only that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), *aff'd*, 755 F.3d 1265 (11th Cir. 2014).

17. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

**CLASS ACTION COMPLAINT -3**

18. A defendant must demonstrate that it (the defendant) obtained the plaintiff's prior express consent. *See In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls"). Further, the FCC has issued rulings and clarified that consumers are entitled to the same consent-based protections for text messages as they are for calls to wireless numbers. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009) ("The FCC has determined that a text message falls within the meaning of 'to make any call' in 47 U.S.C. § 227(b)(1)(A)").

## FACTS

19. On or about December 30, 2020, Defendant caused a prerecorded message to be transmitted to Plaintiff's telephone number ending in 6162 (the "6162 Number").

20. Plaintiff had to stop what he was doing and listen to the pre-recorded message. Additionally, Defendant's call occupied Plaintiff's telephone line and rendered the device unavailable for the receipt of other calls.

21. The December 30, 2020 prerecorded message stated:

Outreach Director Mathew Hayword, have you considered opting out of your union? During these times of uncertainty. This is a surefire way to increase your take home pay and keep more of your money in your pocket where it belongs during this economic crisis. For more information, please visit us at optouttoday.com. Paid for by the Evergreen Freedom Foundation.

22. Upon information and belief, the number Defendant used to call Plaintiff (833-228-4969) is owned and or operated by or on behalf of Defendant.

23. The prerecorded calls at issue were transmitted to Plaintiff's residential telephone, and within the time frame relevant to this action.

24. Plaintiff is the subscriber and/or sole user of the 6162 Number.

**CLASS ACTION COMPLAINT -4**

25. Upon information and belief, Defendant caused similar calls to be sent to individuals residing within this judicial division.

26. At no point in time did Plaintiff provide Defendant with his express consent to be contacted using a pre-recorded message on the 6162 Number.

27. Defendant's unsolicited call caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's calls also inconvenienced Plaintiff and caused disruption to his daily life. Additionally, Plaintiff wasted time listening to Defendant's messages and Defendant's calls rendered Plaintiff's telephone inoperable when the call was transmitted to the devices.

**CLASS ALLEGATIONS**

28. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, individually and on behalf of all others similarly situated.

*PROPOSED CLASS*

29. Plaintiff brings this case on behalf of the following classes (collectively, the "Class"):

> **No Consent Class: All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a prerecorded message, from Defendant or anyone on Defendant's behalf, to said person's telephone number, without emergency purpose and without the recipient's prior consent.**

30. Defendant and its employees or agents are excluded from the Class.

31. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

**NUMEROSITY**

32. Upon information and belief, Defendant has transmitted prerecorded messages to

**CLASS ACTION COMPLAINT -5**

telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

33. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendants' call records.

#### COMMON QUESTIONS OF LAW AND FACT

34. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

> (1) Whether Defendant made non-emergency calls to Plaintiff and Class members' telephones using pre-recorded messages;
>
> (2) Whether Defendant can meet their burden of showing that they obtained prior express written consent to make such calls;
>
> (3) Whether Defendant's conduct was knowing and willful;
>
> (4) Whether Defendant is liable for damages, and the amount of such damages; and
>
> (5) Whether Defendant should be enjoined from such conduct in the future.

35. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendants routinely calls telephone numbers assigned to telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

36. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

37. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

38. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

39. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227(b)
### (On Behalf of Plaintiff and the No Consent Class)

40. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

41. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii), and "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message.

42. Defendant – or third parties directed by Defendant – used prerecorded messages to make non-emergency telephone calls to the telephones of Plaintiff and other members of the Class.

43. These calls were made without regard to whether Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express consent to call the telephones of Plaintiff and the other members of the putative Class when its calls were made.

44. Defendant violated § 227(b)(1)(A)(iii) of the TCPA by using pre-recorded messages to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the putative Class without their prior express consent.

45. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls.

## COUNT II
## Violations of the TCPA, § 64.1200
### (On Behalf of Plaintiff and the No Consent Class)

46. Plaintiff re-alleges and incorporates paragraphs 1-40 as if fully set forth herein.

47. Defendant transmitted calls using an artificial or prerecorded voice to the telephone numbers of Plaintiff and members of the putative class without their prior express written consent.

48. These calls were made without regard to whether Defendant had first obtained express permission from the called party to make such calls. In fact, Defendant did not have prior express written consent to call the telephones of Plaintiff and the other members of the putative Class when its calls were made. Defendant has, therefore, violated § 64.1200(a)(1)(iii) and § 64.1200(a)(3) by using an artificial or prerecorded voice to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the putative Class without their prior express written consent.

49. Defendant knew that it did not have prior express written consent to make these calls, and knew or should have known that it was using an artificial or prerecorded voice. The violations were therefore willful or knowing.

50. As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls. *Id*.

51. Because Defendant knew or should have known that Plaintiff and the other members of the putative Class had not given prior express consent to receive its prerecorded calls to their telephones the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class, and against Defendant that provides the following relief:

a. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

b. A declaration that Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, were willful and knowing;

c. A declaration that Defendant's practices described herein violate § 64.1200(a)(1)(iii) and § 64.1200(a)(3);

d. An injunction prohibiting Defendant from transmitting pre-recorded messages to telephone without the prior express consent of the called party;

e. An award of actual, statutory damages, and/or trebled statutory damages; and

f. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff, respectfully, demands a trial by jury on all issues so triable.

DATED: January 14, 2021

Respectfully Submitted,

*/s/ Kira M. Rubel*
Kira M. Rubel, WSBA #51691
**THE HARBOR LAW GROUP**
3615 Harborview Drive, NW, Suite C
Gig Harbor, WA 98332-2129
Telephone: (253) 358-2215
kira@theharborlawgroup.com

**HIRALDO P.A.**
Manuel Hiraldo, Esq.
(*pro hac vice* to be filed)
401 E. Las Olas Blvd., Suite 1400
Fort Lauderdale, FL 33301
MHiraldo@Hiraldolaw.com
Telephone: (954) 400-4713
*Counsel for Plaintiff*

**CLASS ACTION COMPLAINT -10**